IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TODD DEACON, | § § | |
| *Plaintiff,* | § § § | SA-23-CV-00317-ESC |
| vs. | § § | |
| KILOLO KIJAKAZI, COMMISSIONER SOCIAL SECURITY, | § § § § | |
| *Defendant.* | § § | |

**ORDER**

This order concerns Plaintiff Todd Deacon's request for review of the administrative denial of his application for disability insurance benefits ("DIB") under Title II and supplemental security income ("SSI") under Title XVI. 42 U.S.C. §§ 405(g), 1383(c)(3). The Court held a hearing on Plaintiff's claims on September 29, 2023, at which counsel for both parties appeared via videoconference. After considering Plaintiff's Opening Brief [#7], Defendant's Brief in Support of the Commissioner's Decision [#11], Plaintiff's Reply Brief [#12], the transcript ("Tr.") of the Social Security Administration proceedings [#4], the other pleadings on file, the applicable case authority and relevant statutory and regulatory provisions, the parties' oral arguments at the Court's hearing, and the entire record in this matter, the Court concludes that the Administrative Law Judge committed reversible error in failing to conduct the required analysis for cases involving evidence of substance abuse and in failing to explain the reasons for not including any mental limitations in Plaintiff's residual functional capacity ("RFC"). The Court will therefore vacate the Commissioner's decision finding Plaintiff not disabled and remand this case for further proceedings consistent with this opinion.

## I.  Jurisdiction

This Court has jurisdiction to review a decision of the Social Security Administration pursuant to 42 U.S.C. § 405(g).  The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(c) because all parties have consented to the jurisdiction of a magistrate judge.

## II.  Legal Standards

In determining if a claimant is disabled, the Commissioner uses a sequential, five-step approach, which considers whether: (1) the claimant is currently engaged in substantial gainful activity, (2) he has a severe impairment, (3) the impairment meets the severity of an impairment enumerated in the relevant regulations, (4) it prevents the claimant from performing past relevant work, and (5) it prevents him from doing any relevant work.  *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018).  If the claimant gets past the first four stages, then the burden shifts to the Commissioner on the fifth step to prove the claimant's employability.  *Id.*  A finding that a claimant is not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

In reviewing the denial of benefits, the Court is limited to a determination of whether the Commissioner, through the administrative law judge's decision,[1] applied the proper legal standards and whether the Commissioner's decision is supported by substantial evidence. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla, less than preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Villa v.*

---

[1] In this case, because the Appeals Council declined to review the ALJ's decision, the decision of the ALJ constitutes the final decision of the Commissioner, and the ALJ's factual findings and legal conclusions are imputed to the Commissioner.  *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005); *Harris v. Apfel*, 209 F.3d 413, 414 (5th Cir. 2000).

*Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).  The Court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).  Conflicts in the evidence and credibility assessments are for the Commissioner, not the Court, to resolve.  *Id.*  While substantial deference is afforded the Commissioner's factual findings, the Commissioner's legal conclusions, and claims of procedural error, are reviewed *de novo*.  *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

This case involves an allegation of disability and a history of a substance abuse disorder.  Accordingly, whether Plaintiff is disabled implicates additional special rules and guidelines governing cases involving a drug or alcohol addiction ("DAA").  Pursuant to the Social Security Act, an individual is not considered disabled if a DAA is found to be "a contributing factor material to the Commissioner's determination that the individual is disabled."  42 U.S.C. § 423(d)(1)(2)(C); *see also* 20 C.F.R. §§ 404.1535(a), 416.935(a) ("If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.").

The Commissioner applies a six-step process in evaluating the materiality of DAA to a finding of disability.  *See* Titles II and XVI: Evaluating Cases Involving Drug Addiction and Alcoholism (Social Security Ruling ("SSR") 13-2p), 2013 WL 603764 (S.S.A. Feb. 20, 2013).  The six steps set are as follows: (1) does the claimant have DAA; (2) is the claimant disabled considering all impairments, including DAA; (3) is DAA the only impairment; (4) is the other impairment(s) disabling by itself while the claimant is dependent upon or abusing drugs or alcohol; (5) does the DAA cause or affect the claimant's medically determinable impairment(s);

and (6) would the other impairment(s) improve to the point of non-disability in the absence of DAA. *Id.* at 11941–92. Accordingly, if the claimant has DAA, the Commissioner must proceed to at least step two of the evaluation process, asking whether the claimant is disabled considering both DAA evidence and all other evidence before the Commissioner. *Id.* If the Commissioner proceeds to a materiality determination by addressing the additional steps, the burden of proof rests on the claimant to prove that DAA is not a contributing factor material to disability. *Brown v. Apfel*, 192 F.3d 492, 498–99 (5th Cir. 1999).

### III.  Factual and Procedural Background

This case has a lengthy procedural history. Plaintiff Todd Deacon is an individual with a GED and Associate Degree and experience as an x-ray tech and medical assistant at a hospital. (Tr. 22, 493, 560.) Deacon has a history of substance abuse disorder and stopped working after he was terminated for losing his x-ray technician license related to a DWI in 2016. (Tr. 22.)

Deacon first filed applications for DIB and SSI in May 2016, alleging disability beginning in January 2016. (Tr. 198.) After the claims were denied, Deacon appeared before ALJ Jonathan P. Blucher for an administrative hearing. (Tr. 198–210.) ALJ Blucher found Deacon to have the severe impairments of major depressive disorder, anxiety disorder, PTSD, and alcohol dependence disorder, and applied the special substance abuse analysis mandated by the governing regulations. (Tr. 201–10.) ALJ Blucher issued an unfavorable decision on February 26, 2019, concluding Deacon would not be disabled if he stopped his substance use and therefore was not disabled. (Tr. 209–10.)

Deacon then filed a second set of applications for DIB and SSI on June 17, 2019, alleging disability beginning February 14, 2019 (the amended date is February 27, 2019, because that is the day after ALJ Blucher issued the unfavorable decision). (Tr. 183, 480–94, 549–67.) At the

time of these applications, Deacon was 58 years old. (Tr. 493.) The conditions upon which Deacon based these second applications were gout, anxiety, depression, high blood pressure/hypertension, and hemophilia. (Tr. 550.)

The Commissioner found Deacon not disabled on December 2, 2019 (Tr. 218–43), and again upon reconsideration on March 20, 2020 (Tr. 244–73). In both determinations, the State Agency Medical Consultants (SAMCs) and State Agency Psychological Consultants (SAPCs) found Deacon's gout to be his only severe impairment; found Deacon to have only mild mental limitations in all four areas of the psychiatric review technique ("PRT");[2] and concluded Deacon is not disabled because he can perform his past relevant work as a radiologic technologist. (Tr. 224, 238, 243.)

Deacon requested a hearing before an ALJ, which was held before ALJ Charles Brower on December 28, 2020. (Tr. 130–64.) Deacon testified at the hearing regarding his struggles with gout, foot pain, and knee pain. (Tr. 134–36.) He also addressed his numerous broken bones, which include four separate breaks of his right arm, and admitted that some of these injuries were due to falls from drinking excessive amounts of alcohol. (Tr. 138–40.) Regarding his substance use disorder, Deacon testified that he has attended rehabilitation treatment 15 times, is currently sober, has only had several two-day relapses since 2017, and has not had an alcoholic drink for six months. (Tr. 140–41.) Regarding his mental limitations, Deacon testified that he suffers from hallucinations; has been diagnosed with bipolar disorder, major depressive disorder, anxiety disorder, and PTSD; and currently takes psychiatric medication. (Tr. 136, 144.)

---

[2] The PRT is the method used for evaluating mental impairments at all levels of the administrative review process. The four functional criteria considered as part of the PRT (referred to as the Paragraph B criteria) are: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. 20 C.F.R. § 404.1520a(c)(3).

ALJ Brower orally issued a fully favorable decision from the bench at the end of the hearing, finding Deacon disabled beginning February 27, 2019, due to a history of alcoholism, depression, anxiety, and PTSD.  (Tr. 160–63, 274–77.)  However, the Appeals Council vacated the decision and remanded the case for further proceedings on April 15, 2021, on the basis that it was error for the ALJ to issue an oral decision on the record in a case involving DAA.[3]  (Tr. 283–87.)  Additionally, the Appeals Council found further evaluation of the RFC was necessary because the physical and mental limitations found in the bench decision (less than sedentary RFC) were not supported by substantial evidence.  (Tr. 284.)  In its remand order, the Appeals Council expressly directed the ALJ to determine, "if [Deacon] is again found disabled," whether Deacon's alcohol use disorder "was or is a contributing factor material to the finding of disability by applying a second sequential evaluation determining the nature, severity and limiting effects of his impairments without alcohol use, in accordance with 20 CFR 404.1533 and 416.935 and Social Security Ruling 13-2p."  (Tr. 285–86.)

Another hearing was held before ALJ Brower on March 24, 2022.  (Tr. 165–76.)  Deacon was unable to attend the hearing because he was in the hospital undergoing treatment for mental decompensation and psychosis related to his substance abuse disorder; Deacon's brother attended the hearing in his place.  (Tr. 167.)  Deacon's brother explained at the hearing that Deacon had become very weak and frail, had stopped eating, and had attempted suicide.  (Tr. 170.)  At the hearing, Deacon's brother agreed to assemble additional medical information and provide supplemental records within 30 days.  (Tr. 175.)

---

[3] HALLEX I-2-8-19 (Hearings, Appeals, and Litigation Law Manual) governs when an ALJ can issue an oral decision and specifies that an ALJ may not do so when the claim involves drug addiction or alcoholism issues.

A third hearing was held before ALJ Brower on June 16, 2022. (Tr. 177–94.) Deacon was again unable to be present. (Tr. 179.) No testimony was taken at this hearing; the ALJ simply noted that he had received the additional evidence—additional records concerning Deacon's mental health and a statement from Deacon's brother. (Tr. 181.)

ALJ Brower denied Deacon's claim in a written opinion on September 20, 2022. (Tr. 16–40.) The ALJ found that Deacon met the insured-status requirements of the SSA and applied the general five-step sequential analysis required by SSA regulations. At step one of the analysis, the ALJ found that Deacon has not engaged in substantial gainful activity since February 27, 2019, the alleged amended disability onset date. (Tr. 23.) At step two, the ALJ found Deacon to have severe impairments of osteoarthritis of the knees and gout. (*Id.*) The ALJ found Deacon's alcoholism (as well as other physical conditions) to be non-severe. (Tr. 23–27.) The ALJ applied the Paragraph B criteria in evaluating Deacon's mental impairments and found Deacon to have only mild limitations in all four functional areas of the PRT. (Tr. 26.) As to his mental conditions of depression, anxiety, and PTSD, the ALJ concluded that when Deacon was not abusing alcohol, these mental limitations were non-severe. (*Id.*)

At step three, the ALJ found that Deacon's impairments do not meet or medically equal the severity of one of the listed impairments in the applicable Social Security regulations so as to render Deacon presumptively disabled. (Tr. 27.) Before reaching step four of the analysis, the ALJ found Deacon retains the RFC to perform work at no more than a light exertional level as defined in 20 C.F.R. § 416.967(b), meaning Deacon can lift and/or carry 20 pounds occasionally and 10 pounds frequently and can stand, walk, and sit six hours in an eight-hour workday. (*Id.*) In evaluating the RFC, the ALJ did not consider or discuss Deacon's substance abuse disorder or any of Deacon's mental limitations. At step four, the ALJ found that Deacon is able to perform

7

his past relevant work as an x-ray technician and medical assistant and is therefore not disabled. (Tr. 29–30.) The ALJ never applied the six-step sequential analysis governing cases involving DAA in evaluating Deacon's alleged disability.

Deacon submitted additional evidence following the adverse decision, and the Appeals Council made it a part of the record but ultimately denied the request for review on January 18, 2023. (Tr. 1–15.) On March 14, 2023, Deacon filed the instant case, seeking review of the administrative determination.

### IV. Analysis

Deacon raises two points of error in this appeal: (1) the ALJ erred in failing to conduct the required substance abuse analysis for cases involving DAA; and (2) the ALJ erred in failing to consider the mild mental limitations found at step two in evaluating Deacon's RFC. The Court agrees that the ALJ committed both of these procedural errors, and these errors were not harmless. Accordingly, the Court will vacate the Commissioner's decision finding Deacon not disabled and remand for further proceedings consistent with this opinion.

It is undisputed that the ALJ did not reference or apply the governing standards for DAA cases or apply the six-step evaluation process set forth in SSR 13-2p in evaluating Deacon's claim of disability on remand. The Commissioner argues that the ALJ was not required to do so because he did not find Deacon to be disabled, and the substance abuse sequential analysis requires an initial finding of disability before evaluating the effects of DAA. Moreover, the Appeals Council directed the application of the DAA standards only "if" Deacon was again found disabled. (Tr. 286.) The Commissioner's arguments misconstrue both the governing standards and the ALJ's application of them.

The analysis mandated in DAA cases begins with a step-one evaluation of whether the claimant has DAA and then a step-two evaluation of disability, applying the five-step sequential analysis generally governing all claims for disability benefits. SSR 13-2p, 2013 WL 603764, at *11941. Importantly, however, in evaluating disability in DAA cases, an ALJ must consider the combined effects of *all* of a claimant's limitations, including the limiting effects of a substance abuse disorder, in determining whether the claimant is disabled. *Id.*; *see also Vanacor v. Kijakazi,* No. CV 22-1325, 2023 WL 3939783, at *8 (E.D. La. Mar. 9, 2023), *report and recommendation adopted*, No. CV 22-1325, 2023 WL 3935029 (E.D. La. June 8, 2023) ("The ALJ must first conduct the sequential five-step analysis to evaluate disability without separating out the impact of DAA."). Only upon an initial finding of disability (taking into consideration the DAA) does the ALJ proceed to the subsequent steps of the DAA analysis in evaluating the materiality of the substance abuse disorder to the claimant's other limitations and the ultimate finding of disability. SSR 13-2p, 2013 WL 603764, at *11941–42. The ALJ did not conduct this inquiry, and instead turned the DAA sequential analysis on its head, first evaluating materiality and then disregarding evidence regarding Deacon's mental limitations and substance abuse for the remainder of the analysis and the overall disability determination.

Again, the ALJ only considered Deacon's substance abuse disorder and mental impairments at step two of the standard sequential analysis—when he considered whether Deacon had any medically determinable impairments and assessed their severity. The ALJ acknowledged that there was evidence of an alcohol abuse disorder but concluded that this impairment and all of Deacon's mental impairments were non-severe. (Tr. 24.) In finding Deacon's mental impairments non-severe, the ALJ relied heavily on his finding that the evidence demonstrated that when Deacon "abstains from alcohol abuse" and during "periods of sobriety,"

9

Deacon's mental symptoms are "well controlled" and resulted in "consistently benign mental status examination findings." (Tr. 24–25.) Thus, the ALJ found that during periods when Deacon is "not abusing alcohol," his mental limitations "do not reasonably result in more than minimal work-related limitations." (Tr. 26.) The ALJ effectively began his analysis with the very last step of the six-step DAA sequential evaluation—evaluating whether Deacon's mental limitations would improve to the point of non-disability in the absence of DAA. *See* SSR 13-2p, 2013 WL 603764, at *11941–42.

The Commissioner's position that the six-step sequential analysis in DAA cases was not required in this case is simply not defensible. The ALJ never made any findings regarding Deacon's mental functioning when he was using alcohol, and therefore never considered all of the evidence at issue. (Tr. 24.) The ALJ did not discuss Deacon's substance abuse disorder or mental impairments in evaluating Deacon's RFC. The ALJ's RFC finding did not contain any mental limitations, despite a documented suicide attempt and a previous conclusion by the same ALJ that, considering Deacon's alcoholism and mental impairments, Deacon was disabled. In his written opinion, the ALJ prematurely evaluated materiality, conflated the standard five-step sequential analysis with the standards governing DAA cases, and improperly excised mental-health evidence and DAA evidence from the disability determination. This was error, and this error was not harmless.

An error is not harmless if it affected Deacon's substantial rights and the outcome of the proceedings. *See Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012); *see also Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021) ("Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err."). Here, the ALJ ultimately found that Deacon is capable of performing his past relevant work as an x-ray

technician and medical assistant—work that is both skilled and highly interactive. *See* 20 C.F.R. § 404.1568(c) (defining skilled work as "dealing with people, facts, or figures or abstract ideas at a high level of complexity"). Had the ALJ assessed Deacon's mental limitations differently, he may have incorporated at least some limitations in this area in fashioning the RFC and reached a different conclusion as to Deacon's ability to perform his past relevant work.

Moreover, the ALJ did find Deacon to have some mental limitations at step two. In fact, he assessed Deacon with mild limitations in all four areas of the PRT. (Tr. 193.) As argued in Deacon's second point of error—the ALJ failed, however, to explain why he did not incorporate any of Deacon's recognized limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself into the RFC. This failure to explain the reasons for not incorporating mental limitations is also reversible error separate and apart from the ALJ's premature analysis of the effects of Deacon's substance abuse on his mental condition. When considered in conjunction with the ALJ's failure to properly apply the six-step DAA analysis, it provides further support for a finding of harmful error here.

In evaluating a claimant's RFC, the ALJ must consider the limiting effects of all impairments, even those that are not severe. 20 C.F.R. §§ 404.1545(e), 416.945(e); *see also* Assessing Residual Functional Capacity in Initial Claims, SSR 96–8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996). This is because even non-severe limitations may combine with other severe impairments to prevent an individual from doing past relevant work or narrow the range of work that the individual can perform. *Id.* After concluding that Deacon's mental limitations were non-severe and mild at step two, the ALJ did not further discuss Deacon's mental impairments or explain the reasons for not incorporating any mental limitations in his RFC.

11

A district court in this District recently vacated a finding of non-disability due to the ALJ's failure to adequately explain his reasons for not including any mental limitations in the RFC, despite mild findings at step two of the PRT. *See Castillo v. Kijakazi*, 599 F. Supp. 3d 483 (W.D. Tex. 2022). The same conclusion is compelled here. Both the claimant in *Castillo* and Deacon were assessed with the ability to perform past relevant work that was skilled work, and this fact supports a finding of harmful error. *Id.* at 489 ("Given the skill level involved here, even the inclusion of mild mental functional limitations in Castillo's residual functional capacity could've precluded Castillo from performing her past relevant work."). Similarly here, any modification in the assessment of Deacon's mental limitations could have altered the ALJ's conclusion that he could perform his past relevant work and could have resulted in a favorable disability determination. In summary, both of the ALJ's errors improperly diminished the possible effects of the mental-health evidence in the record on the disability determination and leave the Court guessing as to the outcome if the ALJ had performed the correct DAA analysis and properly considered the mild limitations he found at step two in conducting his RFC analysis.

## V. Conclusion

Based on the foregoing, the Court finds that the ALJ failed to conduct a proper analysis of Deacon's substance abuse disorder and mental limitations and failed to adequately explain the reasons for not incorporating any mental limitations in the RFC. Because these errors could have affected the outcome of the proceedings,

**IT IS HEREBY ORDERED** that the Commissioner's decision finding that Deacon is not disabled is **VACATED** and this case **REMANDED** for further fact-finding consistent with

this opinion.

    SIGNED this 21st day of December, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE